UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In re: | ) | Case No. 05-15938 |
| --- | --- | --- |
| | ) | |
| NICHOLAS E. VALERI, | ) | Chapter 7 |
|    Debtor. | ) | |
| | ) | |
| LAUREN A. HELBLING, | ) | Adversary Proceeding No. 05-1335 |
|    Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| AMERICREDIT FINANCIAL | ) | |
| SERVICES, | ) | |
|    Defendant. | ) | |

## MEMORANDUM OF OPINION

Before the Court is the plaintiff-trustee's unopposed motion for summary judgment. The trustee asks the Court to avoid a purchase-money security interest in a motor vehicle that was not perfected by notation on the certificate of title until twenty-three days after the promissory note and security interest were signed by the debtor. For the reasons stated below, the trustee's unopposed motion for summary judgment is granted. The lien on the debtor's motor vehicle is avoided as a preferential transfer and preserved for the benefit of the bankruptcy estate, pursuant to sections 547 and 551 of the Bankruptcy Code.

## JURISDICTION

Proceedings to avoid and recover preferences are core under 28 U.S.C. § 157(b)(2)(F). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed. Debtor Nicholas E. Valeri filed a Chapter 7 petition on April 29, 2005. Debtor's schedules list a 2001 Pontiac Grand Prix with a value of over $9,000 and Americredit with a claim of almost $13,500 secured by the Pontiac. On July 5, 2005, the Chapter 7 trustee filed this adversary proceeding to avoid the preferential transfer of a security interest in debtor's Pontiac and to preserve the avoided lien for the benefit of the estate. The adversary complaint states that the debtor purchased the Pontiac on March 12, 2005, entering into a promissory note and security agreement with Americredit, but that Americredit's lien was not recorded on the certificate of title until April 4, 2005. On August 10, 2005, defendant filed an Answer admitting that the promissory note and security agreement are dated March 12, 2005, but denying that its lien could be avoided.

On March 17, 2006, plaintiff filed its motion for summary judgment.

Attached to the motion is a copy of the purchase agreement dated March 12, 2005, and a copy of the certificate of title that notes Americredit's lien and indicates the title was issued on April 4, 2005. The purchase agreement indicates that the vehicle was "to be delivered on or about 03/12/2005." Americredit did not file any response, and the Court is ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial."

3

*Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

Section 547 provides, in pertinent part, as follows:

> (b) . . . [T]he trustee may avoid any transfer of an interest of the debtor in property–
> > (1) to or for the benefit of a creditor;
> > (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> > (3) made while the debtor was insolvent;
> > (4) made--
> > > (A) on or within 90 days before the date of the filing of the petition; or
> > > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> >
> > (5) that enables such creditor to receive more than such creditor would receive if–
> > > (A) the case were a case under chapter 7 of this title;
> > > (B) the transfer had not been made; and
> > > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
>
> (c) The trustee may not avoid under this section a transfer–

05-01335-aih    Doc 12    FILED 05/22/06    ENTERED 05/23/06 08:03:44    Page 4 of 8

> . . . .
>> (3) that creates a security interest in property acquired by the debtor–
>>> . . . .
>>> (B) that is perfected on or before 20 days after the debtor receives possession of such property;
> . . . .
> (e) (2) For the purposes of this section . . . a transfer is made–
>>> . . . .
>>> (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days . . . .

The transfer of a security interest in a motor vehicle is a "transfer of an interest of the debtor in property." *See, e.g.*, *In re Knee*, 254 B.R. 710, 712 (Bankr. S.D. Ohio 2000) ("Federal Courts have consistently held that the grant of a security interest in a motor vehicle constitutes a § 547(b) transfer."). The key question before the Court is whether Americredit's security interest is avoidable as a preference because it was transferred "on account of an antecedent debt owed by the debtor before such transfer was made." Debtor incurred a debt to Americredit on March 12, 2005, by signing the promissory note. Debtor granted Americredit a security interest in the Pontiac on that same day, so it would appear, at first glance, that the transfer of the security agreement was contemporaneous with the debt and not "on account of an antecedent debt." Subsection 547(e)(2)(B), however, states that if the security interest is not perfected within 10 days after it is initially

5

transferred, then for the purposes of section 547, the transfer of the security interest does not occur until the date it is perfected. Here, the security interest was initially transferred on March 12, 2005, but it was not perfected until twenty-three dates later on April 4, 2005, when the security interest was noted on the certificate of title. *See* O.R.C. § 4505.13. Pursuant to subsection (e)(2)(B), the transfer of the security interest in the Pontiac did not occur until April 4, 2005, and is "on account of an antecedent debt owed by the debtor" on March 12, 2005.

Thus, the transfer of the security interest meets all the elements of a preferential transfer found in subsection 547(b): (1) a transfer of a property interest of the debtor – the security interest; (2) on account of an antecedent car loan debt; (3) made while the debtor was presumed to be insolvent; (4) made within ninety days prior to the filing of the bankruptcy petition on April 29, 2005; (5) that benefits creditor Americredit; and (6) enables Americredit to receive a larger share of the estate than if the security interest had not been transferred and Americredit was an unsecured creditor. *See In re Knee*, 254 B.R. at 713-14 (finding preferential transfer on similar facts and dismissing defendant's argument that was based on *In re Weaver*, 131 B.R. 804 (S.D. Ohio 1991)); *In re Edney*, No. 93-3907, 1995 WL 16883 at *3 (6th Cir. Jan. 17, 1995) (unpublished table decision) (agreeing with the bankruptcy court and district court that rejected

*Weaver* as unpersuasive); *In re Nasr*, 191 B.R. 689, 692 (finding preferential transfer, rejecting *Weaver*, and citing *Edney*). *But see In re Weaver*, 131 B.R. at 806-08 (finding no preferential transfer because debtor has no interest in motor vehicle and, therefore, no security interest is transferred until certificate of title is issued).

In addition, Americredit has not met its burden to show that subsection 547(c)(3)(B) protects the transfer from avoidance. *See* 11 U.S.C. § 547(g) (placing burden on creditor to show nonavoidability of transfer by application of defenses found in subsection 547(c)). Subsection 547(c)(3)(B) protects purchase-money security interests or "enabling loans" that are perfected within 20 days of the debtor *receiving possession* of the vehicle. *See Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211 (1998) (determining that subsection 547(c)(3)(B) creates a uniform federal perfection period); *In re Owens*, 294 B.R. 289 (Bankr. S.D. Ohio 2003) (finding that Ohio statute allowing perfection of lien on motor vehicle within 30 days does not extend the federal 20-day perfection period found in 547(c)(3)(B)). Here, the only evidence before the Court is that the debtor took possession of the vehicle on March 12, 2005, as indicated in the vehicle purchase agreement. Americredit provided no evidence to show that the car was delivered to the debtor at a later date. The debtor's receipt of possession on March 12, 2005,

7

would mean that perfection on April 4, 2005, occurred three days outside the 20-day window provided by subsection 547(c)(3)(B), and thus Americredit has not proven any defense to avoidance. The Court notes that the 2005 bankruptcy amendments have altered section 547 such that perfection within 30 days would be sufficient to protect a security interest, purchase money or otherwise, from avoidance as a preferential transfer. 11 U.S.C. § 547(c)(3)(B) & (e)(2)(A) (2005). The 2005 bankruptcy amendments, however, are not applicable to this case.

Americredit's lien on the Pontiac is avoided as a preferential transfer under section 547. The avoided lien is preserved for the benefit of the bankruptcy estate pursuant to section 551.

## CONCLUSION

For the reasons stated above, plaintiff-trustee's motion for summary judgment (Docket #11) is granted. Americredit's lien on the 2001 Pontiac Grand Prix is avoided as a preferential transfer and preserved for the benefit of the bankruptcy estate, pursuant to sections 547 and 551 of the Bankruptcy Code.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge